UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE ANDARA-PONCE,<br><br>        Petitioner,<br><br>    v.<br><br>CHAD WOLF, Acting Director of USICE, et al.,<br><br>        Respondents. | Case No. 1:20-CV-0765-AWI-HBK<br><br>FINDINGS AND RECOMMENDATIONS[1] TO: LIFT STAY; GRANT RESPONDENTS' MOTION TO DISMISS PETITION; AND TERMINATE MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT<br><br>FOURTEEN-DAY OBJECTION PERIOD<br><br>(Doc. Nos. 3, 6, 7) |

    Petitioner Jorge Andara-Ponce, a current bailed immigration detainee, initiated this action by filing a *pro se* petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 and motion for temporary restraining order on June 2, 2020. (Doc. Nos. 1, 3). Petitioner sought release from his immigration detention pending deportation due to the health risks posed by COVID-19. (Doc. No. 1 at 6). Because Petitioner has been granted bail and released from detention, the undersigned recommends granting Respondent's motion to dismiss the petition, which is incorporated in Respondent's Status Report filed June 8, 2020 (Doc. No. 7).

---

[1] This matter was reassigned to the undersigned on November 17, 2020 (Doc. No. 11) having previously been assigned to a magistrate judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2019).

# I. BACKGROUND

On June 2, 2020, *pro se* Petitioner filed this 28 U.S.C. § 2241 habeas corpus petition accompanied by a motion for a temporary restraining order. At the time, Petitioner was detained in the Mesa Verde detention facility in Bakersfield, California awaiting deportation to Honduras having been convicted of murder under Cal. Pen. Code § 187(a). Petitioner stated his detention in the Mesa Verde facility subjected him to conditions that exposed him to a heightened risk of contracting COVID 19 and claimed his health history placed him at above-average risk of illness and death from COVID 19. As relief, Petitioner sought release from the Mesa Verde facility due to the threat posed by COVID 19. On June 4, 2020, the Court stayed this action in light of the provisional class certification order and temporary restraining order in *Rivas, et al v. Jennings, et al.*, Northern Dist. of Cal., Case No. 20-cv-2731 VC. (Doc. No. 6).

On June 8, 2020, Respondents filed a Status Report and moved to dismiss the petition as moot because Petitioner was released from his detention on bail on June 5, 2020. (Doc. No. 7). Attached to Respondents' motion is Bail Order No. 27 entered by the U.S. District Court of the Northern District of California in *Rivas* granting Petitioner's bail request. (Doc. No. 7-1). On July 14, 2020, Petitioner submitted a notice of change of address to a private residence. (Doc. No. 10). The Court has reviewed the U.S. Immigration and Customs Enforcement's online detainee locator system and takes judicial notice of it per Rule 201 of the Federal Rules of Evidence. *See* https://locator.ice.gov/odls/#/index. As of the date of these Findings and Recommendation, the Court finds no record of Petitioner's ongoing detention.

# II. APPLICABLE LAW AND ANALYSIS

The "case-or-controversy requirement of Article III, § 2, of the Constitution subsists through all stages of federal judicial proceedings, trial and appellate. . .. The parties must continue to have a personal stake in the outcome of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990) (internal quotations omitted). Therefore, throughout civil proceedings, the petitioner "must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Id*. at 477. "[I]f it appears that [the court is] without power to grant the relief requested, then the case is moot."

*Picrin-Peron v. Rison*, 930 F.2d 773, 775 (9th Cir. 1991).

Detention is a "concrete injury." *Spencer v. Kemna*, 523 U.S. 1, 7 (1998). Once detention has ended "some concrete and continuing injury" other than detention—a "collateral consequence"—must exist if a habeas petition is to be maintained. *Id*. When a habeas petitioner challenges his underlying criminal conviction, collateral consequences are presumed to exist, even after a petitioner has been released from custody. *Id*. However, collateral consequences are not presumed where a habeas petitioner challenges an action other than a criminal conviction. *Id*. at 12-13. In those cases, the petition is moot once the petitioner is released from custody, unless the petitioner can show that he will suffer collateral consequences. *Id*. at 14.

Here, Petitioner challenged an action other than his criminal conviction—he challenged the legality of his detention pending deportation in light of the COVID-19 pandemic. Petitioner does not allege any current or future collateral consequences from his detention. Because collateral consequences are not presumed in habeas cases challenging detention, Petitioner had the burden to show he would suffer collateral consequences. *See Spencer*, 523 U.S. at 14. Because Petitioner is no longer in detention, and he has failed to allege any collateral consequences of his detention, his petition is moot. *See id*.; *Dominguez v. Kernan*, 906 F.3d 1127, 1132 (9th Cir. 2018) (Because it is now "impossible for [the] court to grant any effectual relief" on petitioner's claims, they are moot.). Therefore, the undersigned recommends the Stay be lifted, Respondents' motion to dismiss be granted, Petitioner's motion for temporary restraining order be terminated as moot, and this case be closed.

Accordingly, it is RECOMMENDED:

1. The Stay (Doc. No. 6) be LIFTED.

1. Respondents' motion to dismiss (Doc. No. 7) be GRANTED;

2. The petition (Doc. No. 1) be DISMISSED as moot, the motion for temporary restraining order (Doc. No. 3) be TERMINATED AS MOOT, and the case be CLOSED.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(1). Within fourteen

(14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:   October 12, 2021

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE