1

2

3              **UNITED STATES DISTRICT COURT**

4              **EASTERN DISTRICT OF CALIFORNIA**

5

| | |
|---|---|
| 6  **JORGE ANDARA-PONCE,** | **CASE NO. 1:20-cv-0765-AWI-HBK (HC)** |
| 7            **Petitioner,** | **ORDER ADOPTING FINDINGS AND RECOMMENDATIONS TO GRANT RESPONDENT'S MOTION TO DISMISS AND DENY PETITIONER'S MOTION FOR TEMPORARY RESTRAINING ORDER AS MOOT, DISMISSING PETITION FOR WRIT OF HABEAS CORPUS, AND DIRECTING CLERK OF COURT TO ENTER JUDGMENT AND CLOSE CASE** |
| 8            **v.** | |
| 9  **CHAD WOLF, Acting Director of USICE, et al.,** | |
| 10 | |
| 11            **Defendant(s).** | |
| 12 | |
| 13 | (Doc. No. 12) |

14

15          Petitioner Jorge Andara-Ponce, an immigration detainee currently on bail, is proceeding in

16   propria persona with a petition for writ of habeas corpus under 28 U.S.C. § 2254.  Doc. No. 1.  On

17   October 12, 2021, the assigned magistrate judge issued findings and recommendations that

18   recommended Respondent's motion to dismiss (Doc. No 7) be granted and Petitioner's motion for

19   temporary restraining order (Doc. No. 3) be denied as moot.  Doc. No. 12.  These findings and

20   recommendations were served on all parties and contained notice that any objections were to be

21   filed within fourteen days from the date of service of that order.  Petitioner has not filed any

22   objections and the deadline has passed.

23          In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), the Court has conducted a

24   de novo review of the case.  Having carefully reviewed the entire file, the Court concludes that the

25   magistrate judge's findings and recommendations are supported by the record and proper analysis.

26          In addition, the Court declines to issue a certificate of appealability.  A state prisoner

27   seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's denial of his

28   petition, and an appeal is only allowed in certain circumstances.  Miller-El v. Cockrell, 537 U.S.

1   322, 335–36 (2003).  The controlling statute in determining whether to issue a certificate of

2   appealability provides as follows:

3    (a) In a habeas corpus proceeding or a proceeding under section 2255 before a
 district judge, the final order shall be subject to review, on appeal, by the court of
4    appeals for the circuit in which the proceeding is held.

5    (b) There shall be no right of appeal from a final order in a proceeding to test the
 validity of a warrant to remove to another district or place for commitment or trial a
6    person charged with a criminal offense against the United States, or to test the
 validity of such person's detention pending removal proceedings.
7

8    (c)

9     (1) Unless a circuit justice or judge issues a certificate of appealability, an
  appeal may not be taken to the court of appeals from—

10     (A) the final order in a habeas corpus proceeding in which the
   detention complained of arises out of process issued by a State
11     court; or

12     (B) the final order in a proceeding under section 2255.

13    (2) A certificate of appealability may issue under paragraph (1) only if the
  applicant has made a substantial showing of the denial of a constitutional
14    right.

15    (3) The certificate of appealability under paragraph (1) shall indicate which
  specific issue or issues satisfy the showing required by paragraph (2).
16

17  28 U.S.C. § 2253.

18    If a court denies a petitioner's petition, the court may only issue a certificate of

19  appealability when a petitioner makes a substantial showing of the denial of a constitutional right.

20  § 2253(c)(2).  To make a substantial showing, the petitioner must establish that "reasonable jurists

21  could debate whether (or, for that matter, agree that) the petition should have been resolved in a

22  different manner or that the issues presented were 'adequate to deserve encouragement to proceed

23  further.'"  Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S.

24  880, 893 & n.4 (1983)).

25    In this case, the Court finds that Petitioner has not made the required substantial showing

26  of the denial of a constitutional right to justify the issuance of a certificate of appealability.

27  Reasonable jurists would not find the Court's determination that Petitioner is not entitled to

28  federal habeas corpus relief debatable, wrong, or deserving of encouragement to proceed further.

1    Thus, the Court will decline to issue a certificate of appealability.

2

3                                                    **ORDER**

4           Accordingly, IT IS HEREBY ORDERED that:

5           1.      The findings and recommendations (Doc. No. 12) issued on October 12, 2021, are

6                   ADOPTED in full;

7           2.      Plaintiff's petition for writ of habeas corpus (Doc. No. 1) is DISMISSED;

8           3.      Plaintiff's motion for temporary restraining order (Doc. No. 3) is DENIED as

9                   moot;

10          4.      The Clerk of Court shall ENTER judgment and CLOSE the file; and

11          5.      The Court DECLINES to issue a certificate of appealability.

12

13

14   IT IS SO ORDERED.

15   Dated:    November 8, 2021                  _____

16                                                       SENIOR  DISTRICT  JUDGE

17

18

19

20

21

22

23

24

25

26

27

28

                                                       3